UNITED STATES BANKRUPTCY COURT
IN THE WESTERN DISTRICT OF MICHIGAN

IN RE: Gary Lee Rye II,                     File No. 21-00391 jtg

        Debtor,                               Chapter 7

                                             Hon. John T. Gregg
_____/

MELISSA J. WHITE,

        Plaintiff,
v                                           Adv. Proc. No.:

GARY LEE RYE II,

        Defendant.
_____/

## COMPLAINT TO DETERMINE DEBT NON-DISCHARGEABLE

Creditor, Melissa J. White (hereafter "White and/or Plaintiff"), by and through its attorneys, Matthew T. Smith and Brian P. Lick of Clark Hill PLC, for its complaint to determine the debt owed by Debtor/Defendant, Gary Lee Rye II (hereafter "Defendant") non-dischargeable in bankruptcy, states as follows:

1.      This is a Core Proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (I).

2.      This court has jurisdiction over this proceeding pursuant to 28 USC §157(b)(1) and §1334 (a) and (b) and FRBP 4004(B) and 4007(b).

3.      Plaintiff is a creditor of Defendant in an amount not less than Twenty One Thousand Six Hundred Forty Eight and 95/100 Dollars ($21,648.95), plus costs, statutory interest and actual attorney fees. Damages were trebled for conversion. Attached as **Exhibit 1** is a copy of the Proof of Claim, Summons and Complaint in State Court.

4.      Defendant is the owner and doing business as Rye Maintenance and Remodel (hereinafter "Defendant").

5. Defendant engaged Plaintiff and incurred a debt to Plaintiff in his individual capacity. Accordingly, Defendant is personally liable to Plaintiff for any transactions between Plaintiff and Defendant during the time periods pertinent to this litigation.

6. Defendant is responsible for the operation and management of his individual construction business, including but not limited to the payment of invoices, licensing, permitting, collection of accounts receivable, accounts payable and allocation of trust funds.

7. Defendant was engaged in the building construction industry in Michigan.

8. Plaintiff's Complaint is based upon the claim for demolish, repair and replacement of Plaintiff's roof on her home as an unlicensed non permitted contractor.

9. Defendant engaged Plaintiff to provide labor and materials for specific construction on her home.

10. Plaintiff paid Defendant in full for all labor and materials.

11. Defendant engaged Plaintiff to provide labor and materials to Defendant for her home relying on his representation that he was properly licensed and would obtain required building permits. **Exhibit 1.**

12. Plaintiff paid Defendant in full for her residential home construction despite the unknown fact that Defendant was not licensed and did not obtain a building permit.

13. Defendant is an unlicensed residential builder in violation of Michigan law.

14. Defendant received payments pursuant to construction and service contracts regarding the project on which the materials were utilized in violation of Michigan law and without a building permit.

15. Defendant acted as an unlicensed residential contractor in violation of Michigan law a misdemeanor.

16. The monies collected pursuant to the construction and service contracts by the Defendant are construction funds and such funds are impressed with a trust by virtue of the Michigan Building Contract Fund Act, MCL 570.151 *et seq*. ("MBCFA"), for and on behalf of Plaintiff as a supplier of materials on the projects.

17. Defendant is an unlicensed contractor, appropriated all or a portion of the money received before the payment by them of all monies due or which would become due to laborers, subcontractors, materialmen, or others entitled to payment. Defendant fraudulently induced Plaintiff to pay Defendant as an unlicensed contractor on a non-permitted job.

18. Contrary to the express provisions of the MBCFA and statutory trust, Defendant, retained trust funds and/or expended the trust funds or a part thereof, and/or directed representatives of Defendant and/or Company to retain trust funds and/or expend the trust funds, or a part thereof, for purposes other than which they were intended.

19. In the building construction industry, monies paid by any person to a contractor or a subcontractor for construction purposes are to be held in a trust fund. MBCFA.  The MBCFA provides that, any proceeds received by a contractor are "Builders Trust Funds" and are the property of the laborers, subcontractors, and suppliers first. *Id.*

20. Upon receiving funds for a construction project, the contractor (or subcontractor) becomes a trustee for the project. *Weathervane Window, Inc. v. White Lake Constr. Co.*, 192 Mich. App. 316, 325, 480 N.W.2d 337, 341 (1991). A contractor or subcontractor is prohibited from retaining or using construction payments from a particular project until <u>ALL</u> subcontractors, laborers and suppliers who worked on the project are paid. *Id*.

21. Corporate officers are contractors under the MBCFA.  Under the MBCFA, officers, members, owners and even employees of a business in the construction industry may be held individually liable for misappropriating funds received by the business for any other

purpose other than first paying subcontractors, suppliers and laborers. MCL 570.151 *et seq*.; *BC Tile & Marble Co. v. Multi Bldg. Co.*, 288 Mich. App. 576, 586-587 (2010). "There is no requirement that contract payments be made directly to the officer of a corporate contractor in order to hold the officer individually responsible under the MB[C]FA." *BC Tile* at 586-587. Evidence that the employee or officer used the funds is not necessary for individual liability. *Id at* 586-587. Individual liability does not require a plaintiff to pierce the corporate veil because the MBCFA directly provides for liability of corporate officers. *Trustees of the Mich. Regional Council of Carpenters Employee Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F. Supp. 2d 370 ( E.D. Mich. 2005). "Officers of a corporation may be held individually liable when they personally cause their corporation to act unlawfully. In fact, a corporate employee or official is personally liable for all tortious or criminal acts in which he participates, regardless of whether he was acting on his own behalf or on behalf of the corporation." *BC Tile & Marble Co.* at 587 citing *People v Brown*, 239 Mich. App. 735, 739-740; 610 N.W.2d 234 (2000); *In re: Kenn R. Kriegish*, 275 BR 838, 840 (ED Mich 2002), *aff'd* 97 Fed Appx 4, 2004 (6th Cir 2004); *People v Brown*, 239 Mich App 735, 743; 610 NW 2d 234 (2000); *Au Bon Pain Corp v Artect, Inc,* 653 F 2d 61, 65 (2nd Cir 1981) (civil liability); *Patel v. Shamrock Floorcovering Servs.*, (In re Patel), 565 F.3d 963, 969 (6th Cir. Mich. 2009).

22. Defendant was responsible, to be lawfully licensed and permitted including payment of invoices, collection of accounts receivable and allocation of trust funds.

23. Defendant committed fraud upon the homeowner by practicing an occupation that is required to be licensed when Defendant was not licensed in violation of Michigan law.

24. Defendant held himself out as a licensed residential contractor, when he was not. Defendant failed to obtain the required permits despite his representations.

25. Defendant violated MCL 339.101, 339.611 and MCL 570.151 et al.

26. Defendant shall not engage in the practice of an occupation regulated by MCL 339.101 unless licensed. Defendant did so in violation of the law and local ordinances.

27. Defendant made all financial decisions of Defendant's business, including which accounts payable to pay, how much and when they would be paid. Defendant was responsible for and made decisions regarding accounts payable and accounts receivable of himself and Company.

28. Defendant is guilty of a misdemeanor pursuant to MCL 339.601(3).

29. Section 523(a)(2) excepts for discharges debt false pretenses and fraud. Defendant committed an actual fraud upon Plaintiff in violation of 11 USC 523(a)(2).

30. Defendant was a fiduciary to Plaintiff and practicing an occupation illegally.

31. Defendant breached his fiduciary duty to Plaintiff imposed by the MBCFA and 11 USC 523(a)(4).

32. Defendant as the "trustee" of the monies received for suppliers, subcontractors and suppliers, misappropriated trust funds received on the construction projects on which Plaintiff's materials were incorporated.

33. Pursuant to the MBCFA, the misappropriation of the trust funds is evidence of intent to defraud.

34. Despite receiving trust funds from jobs on which Plaintiff's materials were incorporated, Defendant failed to pay Plaintiff and used the funds for other purposes in violation of the MBCFA and/or contractual fiduciary duties.

35. Therefore, Defendant wrongfully defalcated and misappropriated trust funds and/or used the funds for his own use and benefit. Defendant paid himself for a licensed occupation where he is not licensed.

36. Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt arising from fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

37. The actions of Defendants in violation of MCL 570.151 *et seq*., and defalcation of trust funds amount to an act to convert the property for his own use and benefit, and/or for use and benefit of Company and to the detriment of Plaintiff.

38. The acts of Defendants constitute conversion of Plaintiff's property without its consent. A Judgment of conversion was entered by the State Court. **Exhibit 1.**

39. Under MCL 600.2919a, a person damaged as a result of another person's stealing or embezzling property or converting property may recover three (3) times the amount of actual damages sustained, plus costs and reasonable attorney fees.

40. In *Cohen v. De La Cruz*, 523 U.S. 213, 218-219 (U.S. 1998), the Supreme Court of the United States held that the exemptions to discharge under 11 U.S.C. § 523(a) "prevents discharge of "any debt" respecting "money, property, services, or . . . credit" that the debtor has fraudulently obtained, including treble damages assessed on account of the fraud."

41. The Supreme Court held that their reading equally applied to treble damages arising out of defalcation while acting in a fiduciary capacity. *Id* at 220, 223. The text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt . . . for money, property, services, or . . . credit, to the extent obtained by" fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Id* at 223.  See also *DirecTV, Inc. v. Karpinsky* (In re Karpinsky), 328 B.R. 516 (Bankr. E.D. Mich. 2005)(holding that that all of the damages, including treble damage

and the attorney's fees authorized by statute, are non-dischargeable under 11 U.S.C. §§523(a)(4)).

42. Costs, interest, treble damages, and attorney fees arising out of the defalcation of trust funds are non-dischargeable when provided by statute or contract. *Cohen v. De La Cruz*, 523 U.S. 213 (U.S. 1998); see also *Clark & Gregory, Inc. v. Hanson* (In re Hanson), 225 B.R. 366 (Bankr. W.D. Mich. 1998).

43. Under the terms of Plaintiffs' contracts with Defendant and Company, Defendants agreed to pay all obligations to Plaintiff, including but not limited to all costs, attorney fees and a time price differential service charge of 1.5% per month.

44. Because the costs, treble damages, and attorney fees, interest and/or a service charges arise out of Defendant's defalcation as defined by 11 U.S.C. § 523(a)(4) and (a)(6), for Defendant violations of MCL 570.151 *et seq*. and conversion of trust funds pursuant to MCL 600.2919a, all costs, service charges, treble damages and attorney fees, are non-dischargeable. *Cohen v. De La Cruz*, 523 U.S. 213 (U.S. 1998).

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment against Debtor/Defendant Gary Lee Rye II in the amount of Twenty One Thousand Six Hundred Forty Eight and 95/100 Dollars ($33,231.81), plus costs, a service charge of 1.5% per month from the date of invoice and attorney fees pursuant to contract and find that the entire debt is non-dischargeable pursuant to 11 USC §523 (a)(2) and (a)(4) for false pretenses, fraud, violations of the Michigan Building Contract Fund Act, MCL 570.151 et seq., breach of fiduciary duties, and defalcation and conversion of trust funds, MCL 600.2919a.

                Respectfully submitted,

                **CLARK HILL PLC**
                Attorney for Plaintiff

Dated: March 16, 2021        By:  /s/ Matthew T. Smith
                                      Matthew T. Smith (P46754)
                                      Brian P. Lick (P71577)
                                      Clark Hill  PLC
                                      212 East Cesar E. Chavez Ave.
                                      Lansing, MI  48906
                                      (517) 318-3100
                                      msmith@clarkhill.com
                                      blick@clarkhill.com

96595\395387\262312126.v1