| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Gary Lee Rye II |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Western District of Michigan |
| Case number | 21-00391 jtg |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Melissa J. White
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Matthew T. Smith (P46754) - Clark Hill PLC
Name
212 East Cesar E. Chavez Ave.
Number    Street
Lansing          MI        48906
City            State      ZIP Code

Contact phone (517) 318-3100
Contact email msmith@clarkhill.com

Where should payments to the creditor be sent? (if different)

Name _____
Number    Street _____
City      State    ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |

6. **Do you have any number you use to identify the debtor?**
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**   $_____21,648.95. **Does this amount include interest or other charges?**
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   MCL 570.151, et al.
   See attached Order Granting Motion for Summary Disposition and Notice of Judgment Lien.

9. **Is all or part of the claim secured?**
   ☐ No
   ☑ Yes.  The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                      $_____
   **Amount of the claim that is secured:**    $_____

   **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**    $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

Official Form 410                                   Proof of Claim                                       page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/02/2021
                   MM / DD / YYYY

/s/ Matthew T. Smith
Signature

Print the name of the person who is completing and signing this claim:

Name     Matthew T. Smith (P46754) - Clark Hill PLC
         First name           Middle name           Last name

Title    Attorney at Law

Company  Clark Hill PLC
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  212 East Cesar E. Chavez Ave.
         Number        Street
         Lansing                              MI        48906
         City                                 State     ZIP Code

Contact phone  (517) 318-3100              Email  msmith@clarkhill.com

Official Form 410                    Proof of Claim                              page 3

STATE OF MICHIGAN

IN THE 30th CIRCUIT COURT FOR THE COUNTY OF INGHAM

MELISSA WHITE,
        Plaintiff,

vs.

GARY LEE RYE II d/b/a RYE
MAINTENANCE AND REMODEL,
        Defendant.

Case No. 19- 918 -CZ

Hon. Wanda M. Stokes

/

CLARK HILL PLC
Matthew T. Smith (P46754)
Kelly E. Kane (P81912)
Attorneys for Plaintiff
212 East César E. Chávez Ave.
Lansing, Michigan 48906
(517) 318-3100

Gary Lee Rye II
In Pro Per
1419 Warwick Dr.
Lansing, MI 48910

/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY DISPOSITION

At a session of this Court held in the City of Mason, County of Ingham, State of Michigan, on __AUGUST 20, 2020__

PRESENT: Hon. Wanda M. Stokes
                 Circuit Court Judge

This Court having heard oral arguments pursuant to Plaintiff's Motion for Summary Disposition, upon review of the pleadings, and being fully advised in the premises:

IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Disposition as to Counts I, IV, and V of Plaintiff's Complaint pursuant to MCR 2.116(C)(9) and (C)(10) is granted

ClarkHill\96595\395387\260554631.v1-8/19/20

for the reasons stated on the record. In addition, the Court confirmed that Defendant received both Plaintiff's requests for admissions and Plaintiff's Motion for Summary Disposition at the address where Defendant currently resides. Defendant simply did not respond to either the requests or the motion.

IT IS FURTHER ORDERED that a money judgment is entered in favor of Plaintiff, Melissa White, and against Defendant, Gary Lee Rye II d/b/a Rye Maintenance and Remodel, in the amount of $9,995.94 plus statutory interest and costs pursuant to Count I (Breach of Contract) of Plaintiff's Complaint;

IT IS FURTHER ORDERED that a money judgment is entered in favor of Plaintiff, Melissa White, and against Defendant, Gary Lee Rye II d/b/a Rye Maintenance and Remodel, in the amount of $20,925.00, plus statutory interest and costs, and actual attorney fees pursuant to MCL 600.2919a.

IT IS SO ORDERED.

This is a final order and closes the case.

_____
Hon. Wanda M. Stokes

For use by Register of Deeds



Tx:4332944
11/23/2020 4:11:00 PM

INST. # 2020-041152
DERRICK QUINNEY
REGISTER OF DEEDS
INGHAM COUNTY MICHIGAN
RECORDED ON:
11/25/2020 11:41 AM
PAGES: 2

Approved, SCAO

Original - Register of deeds
1st copy - Court
2nd copy - Judgment creditor
3rd copy - Judgment debtor
4th copy - Return of service

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>30th JUDICIAL CIRCUIT | NOTICE OF JUDGMENT LIEN | CASE NO.<br>19-918-CZ |
|---|---|---|

Court address: 313 W. Kalamazoo St., Lansing, MI 48933

Court telephone no: (517) 483-6500

| Plaintiff name | v | Defendant name |
|---|---|---|
| Melissa White | | Gary Lee Rye II |

| Judgment creditor's name and address | Judgment debtor's name and address |
|---|---|
| Gypsum Supply Company<br>859 74th St. SW<br>Bryon Center, MI 49315 | Gary Lee Rye II<br>1419 Warwick Dr., Lansing, MI 48910<br><br>Last 4 digits of social security no. or full tax identification no. |
| Judgment creditor's attorney, bar no., address, and telephone no.<br>Matthew T. Smith (P46754); Kelly E. Kane (P81912)<br>Clark Hill PLC<br>212 E. Cesar E. Chavez Ave., Lansing, MI 48906<br>(517) 318-3100 | Judgment debtor's attorney, bar no., address, and telephone no. |

1. I am recording a judgment lien with the register of deeds in __Ingham__ County against the judgment debtor's current or future interest in real property.
2. The current balance due on the judgment is $ 21,444.00 .
3. The judgment was entered on __August 20, 2020__ and expires __August 20, 2030__ .
4. Except as otherwise prescribed by statute, this judgment lien expires 5 years after the date it is recorded with the register of deeds or when the underlying judgment expires, whichever is earlier.

10/28/2020
Date

Signature of judgment creditor/judgment creditor's attorney- Matthew T. Smith (P46754)

**CERTIFICATION**

I certify that the above notice of judgment lien has been filed and includes the information required by MCL 600.2805(1).

11-5-20
Date

Clerk of the Court: Barb Byrum

Signed by: _____
Clerk/Deputy clerk

When recorded, return to _____

e-Clark

MC 94 (6/17) NOTICE OF JUDGMENT LIEN    MCL 600.2805

# STATE OF MICHIGAN

# IN THE 30th CIRCUIT COURT FOR THE COUNTY OF INGHAM

MELISSA WHITE,
          Plaintiff;

Case No. 19- 918 -CZ

Hon. WANDA M. STOKES

vs.

GARY LEE RYE III d/b/a RYE
MAINTENANCE AND REMODEL,
          Defendant.

_____/

CLARK HILL PLC
BY:  Matthew T. Smith (P46754)
       Kelly E. Kane (P81912)
       Joseph A. Turcsak (P80779)
Attorneys for Plaintiff
212 East César E. Chávez Ave.
Lansing, Michigan 48906
(517) 318-3100
_____/

*There is no other pending or resolved civil action arising out of the transaction
or occurrence alleged in the Complaint.*

## COMPLAINT

**NOW COMES** Plaintiff, MELISSA J. WHITE by and through her counsel, Matthew T. Smith at Clark Hill PLC, and for her Complaint against Defendant, states as follows:

222754991.v6

## Parties and Jurisdiction

1. Melissa White ("White"), is a Michigan resident of 3214 Raynell St, Lansing, Ingham County, Michigan, 48911 ("Home").

2. Gary L. Rye II ("Defendant") is an unlicensed residential builder, doing business as Rye Maintenance and Remodel ("RYE"), with an address of 1425 W. Main St., Lansing, Michigan, 48915.

3. Venue is proper pursuant to MCL 600.1621, MCL 600.1627, MCL 600.1629, and MCL 600.1641.

## General Allegations

4. Plaintiff incorporates and realleges all preceding paragraphs as if restated in full.

5. This dispute involves improper, unfinished, and defective construction by RYE Maintenance and Remodel to Plaintiff White's roof.

6. On or about October 8, 2019, the parties entered into an agreement for demolition, repair, and construction of Plaintiff White's roof ("Project"). See Invoice attached as **Exhibit A**.

7. RYE agreed to provide all material, labor, and debris removal to complete the Project for $6,975.00.

8. RYE was paid $3,487.50, as a down payment, to begin the work.

9. On or about October 10, 2019 Defendant claimed to have completed the work and demanded payment in full, from Plaintiff White.

10. Plaintiff White paid the remaining balance of the $6,975 agreed upon price.

11. After Plaintiff White paid the invoice in full, her roof began to leak, causing significant damage inside her home.

12. Plaintiff White hired an inspector to come and look at her home, and through his inspection he discovered:

   a. Shingles were installed with improper exposure;

   b. Decking was weak and spongey;

   c. Exposed nail heads in the exposure on the shingles;

   d. Score marks on the face of applied shingles;

   e. Straight stacking of shingles;

   f. Exposed wood where shingles were improperly installed;

   g. Step flashing improperly installed; and

   h. No masonry chimney flashing;

13. Due to the improper and defective repair, construction and installation by RYE, Plaintiff White incurred a cost of $9,995.94 to have it fixed.

14. Upon information and belief, Defendant does not hold a residential builders license or residential maintenance and alteration contractors license issued by the Michigan Department of Licensing and Regulatory Affairs.

15. Defendant has caused Plaintiff to suffer significant damages, including but not limited to:

   a. Costs to repair damages to Plaintiff White's home;

   b. Costs to correct defective work;

   c. Restoration and cleaning costs; and

   d. Mitigation costs.

222754991.v6

## COUNT I – BREACH OF CONTRACT

16. Plaintiff incorporates and realleges all preceding paragraphs as if restated in full.

17. Defendant was engaged to perform demolition, repair, and construction to Plaintiff's roof.

18. Defendant failed to adhere to critical design specifications, industry standards, and applicable building codes during the reconstruction, thereby breaching the contract.

19. Defendant breached the Contract by; failing to adequately supervise the reconstruction, failing to comply critical design specifications, industry standards, and applicable building codes during the construction.

20. Defendant failed to complete the Project in a workmanlike manner.

21. Defendant failed to cover Plaintiff's roof adequately, causing leak damage to the interior of Plaintiff's home.

22. Defendant failed to correct the damages it caused to Plaintiff's home.

23. Defendant failed to have Plaintiff's roof inspected by a professionally licensed building professional.

24. Defendant failed to have the City Building Inspector determine the roof was up to required building code.

WHEREFORE, Plaintiff Melissa White, respectfully requests that this Honorable Court enter a judgment against RYE Maintenance and Remodel and Gary Lee Rye III in the amount of $16,970.94, together with interest and all costs and attorney fees so wrongfully incurred by Plaintiff.

## COUNT II – BREACH OF EXPRESSED AND IMPLIED WARRANTIES

25. Plaintiff incorporates and realleges all preceding paragraphs as if restated in full.

26. Defendant expressly and/or impliedly warranted to Plaintiff that its work would be; free of material defects and unsafe conditions, in compliance with the proper design and specifications, in compliance with all building codes and industry standards, constructed in a good and workmanlike manner, and fit for the purpose intended or for reasonably foreseeable purposes and uses.

27. Defendant expressly and/or impliedly warranted the quality and fitness of the design, construction, materials and workmanship of the Project.

28. Defendant breached the warranties as described above.

29. Defendant failed to correct the defective workmanship and complete the Project in a workmanlike manner.

30. As a direct, consequential and foreseeable result of Defendant's breach of expressed and/or implied warranties, Plaintiff has suffered damages in excess of $16,970.94, plus costs, interest and attorney fees accrued to date.

WHEREFORE, Plaintiff Melissa White, respectfully requests that this Honorable Court enter a judgment against RYE Maintenance and Remodel and Gary Lee Rye III in the amount of $16,970.94, together with interest and all costs and attorney fees so wrongfully incurred by Plaintiff.

## COUNT III – FRAUD IN THE INDUCEMENT

31. Plaintiff incorporates and realleges all preceding paragraphs as if restated in full.

222754991.v6

32. Fraud in the inducement presents a special situation where parties to a contract appear to negotiate freely but, where in fact, the ability of one party to negotiate fair terms and make an informed decision is undermined by the other party's fraudulent behavior.

33. Defendant requested Plaintiff to pay a down payment in the amount of $3,487.50 to begin work on the roof Project.

34. Defendant represented as though he was a licensed building professional who could adequately complete the roofing Project.

35. At all times, Plaintiff reasonably believed Defendant was licensed, insured, and capable of competently completing the roofing Project.

36. In reliance of the above representation, Plaintiff engaged Defendant to start and complete the roofing Project.

37. At the time representations were made, upon information and belief, Defendant was not licensed or insured to complete the roofing Project.

38. As a result of Defendants representation, Plaintiff incurred a cost of $16,970.94.

39. Plaintiff requests this honorable Court award her $20,000 as exemplary damages for Defendants fraud in the inducement.

WHEREFORE, Plaintiff Melissa White respectfully requests that this Honorable Court enter a judgment against RYE Maintenance and Remodel and Gary Lee Rye III in the amount of $36,970.94, together with interest and all costs and attorney fees so wrongfully incurred by Plaintiff.

### COUNT IV – MICHIGAN BUILDING CONTRACT FUND ACT

40. Plaintiff incorporates and realleges all preceding paragraphs as if restated in full.

41. Defendant is a contractor engaged in the construction industry in Michigan.

42. Because Defendant provided improvements to real property pursuant to contracts with owners/lessees, it is a "contractor" or "subcontractor" as expressly defined by the Construction Lien Act, MCL 570.1101 *et seq.*

43. Therefore, Defendant is a "contractor" or "subcontractor" subject to the Michigan Building Contract Fund Act, MCL 570.151 *et seq.*

44. Plaintiff is a homeowner and paid Defendant $6,975.00 for improvements to her home.

45. Defendant is responsible for the day-to-day financial activities, including payment of invoices, collection of accounts receivable, collection of rents, distribution and allocation of funds received by Defendant.

46. The above-referenced payments from Plaintiff were received by Defendant for the purpose of using said money to complete the terms of certain contracts between Defendant and Plaintiff.

47. Defendant received payment from Plaintiff for improvements to her home.

48. The funds received by Defendant are impressed with a trust by virtue of MCL 570.151 *et. seq.* for the benefit of Plaintiff.

49. Upon information and belief, Defendant appropriated all, or a portion of the monies received by him before the payment of all monies due, or which would become due to laborers, sub-contractors, suppliers or others entitled to payment, including Plaintiff.

50. Contrary to the express provisions of said trust, Defendant retained the funds and/or spent the funds or a part thereof, and/or directed representatives of Defendant, to retain the funds

and/or spend the funds, or a part thereof, for purposes other than those for which they were intended.

51. The appropriation of trust funds before the payment of all amounts due or to become due laborers, subcontractors, materialmen or others entitled to payment, is evidence of the intent to defraud. MCL 570.153.

52. MCL 570.151 *et seq.*, provides that monies received by a contractor shall be considered trust funds for the benefit of laborers, sub-contractors and/or suppliers, for which the contractor/subcontractor shall be considered the trustee.

53. Defendant breached his fiduciary duty to Plaintiff imposed by MCL 570.151 *et seq.*,

54. Defendant, as "trustee" of the monies received for suppliers, sub-contractors and materialmen, misappropriated the funds received on the Project.

55. In so doing, Defendant violated MCL 570.151, *et. seq.*

56. Defendant deprived Plaintiff of its beneficial interest in the trust funds.

57. As a result of Defendant's defalcation, conversion and/or retention of said funds, Plaintiff has incurred substantial and continuing expenses and damages equal to the value of the goods and materials provided, contractual service charges, costs and attorney fees.

WHEREFORE, Plaintiff Melissa White, respectfully requests that this Honorable Court enter a judgment against RYE Maintenance and Remodel and Gary Lee Rye III in the amount of $16,970.94, together with interest and all costs and attorney fees so wrongfully incurred by Plaintiff.

## COUNT V – CONVERSION

58. Plaintiff incorporates and realleges all preceding paragraphs as if restated in full.

59. Upon information and belief, Defendant has wrongfully defalcated and misappropriated trust funds or are using the funds for their own use and benefit.

60. Upon information and belief, the actions of Defendant amount to an act to convert the property for their own use and benefit and to the detriment of Plaintiff White.

61. The acts of Defendant constitute conversion of Plaintiff White's property, without the consent of Plaintiff White.

62. Pursuant to MCL 600.2919(a) and the laws of the State of Michigan, Plaintiff is entitled to recover damages in the amount of three times the amount of actual damages, which actual damages are $16,970.94 for a total damages award of $50,912.82, plus costs, interest and attorney fees.

WHEREFORE, Plaintiff Melissa White, respectfully requests that this Honorable Court enter a judgment against RYE Maintenance and Remodel and Gary Lee Rye III in the amount of $50,912.82, together with interest and all costs and attorney fees so wrongfully incurred by Plaintiff.

Respectfully submitted,
CLARK HILL PLC

By_____
Matthew T. Smith (P46754)
Kelly E. Kane (P81912)
Joseph A. Turcsak (P80779)
Attorneys for Plaintiff
212 East Cesar E Chavez
Lansing, Michigan 48906
(517) 318-3100

Dated: 12/9, 2019

222754991.v6

**Bid #3214r**

Rye maintenance and remodel
Date 10-08-19
Jobsite: 3214 Raynell
Work summary:Roof
Tear off old shingle
Tear out any damaged decking and replace
Tear out damaged fascia and replace
Install drip edge, ice and water, waterproof underlayment, starter strip, shingles, flashing, pipe boots and roof vents

Material, Labor and trash removal included in price

Total....$6975

50% down ....$3487.50
The remaining 50% will be paid upon completion.

Work will begin immediately after down payment.

   Prepared by: Gary Rye
10-08-19

Last modified: 1:11 PM



EXHIBIT A